FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE SEARCH WARRANT
APPLICATION FOR LOCATION
INFORMATION.

24-MR-1454

### ORDER SETTING HEARING REGARDING SEARCH WARRANT APPLICATION FOR LOCATION INFORMATION

On August 5, 2024, the United States submitted an application for a search warrant to obtain a target's phone location information. As part of its application, the United States requests that the Court order the company that provides service to the phone to "furnish the government all . . . technical assistance necessary to accomplish the collection of the Location Information . . . including by initiating a signal to determine the location of the TARGET PHONE on [the service provider's] network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government." The United States' application contains no indication that it is the service provider's regular practice to initiate such signals. Thus, it does not appear that the United States is seeking prospective records the service provider would produce in the absence of a Court order. Instead, it appears the United States is seeking to have the Court order the service provider to take an action it would not take absent a Court order by creating records it would never possess absent a Court order, so that law enforcement may then obtain the records created only as a result of the Court order.

As authority for the Court to order a private company to assist law enforcement by performing some action it would not perform absent a Court order, the United States does not seek a writ under the All Writs Act, 28 U.S.C. § 1651. Instead, the United States seeks a warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A). Rule 41 indisputably allows the Court to issue a search warrant that requires the company on which the

1

warrant is served to stand aside while law enforcement executes the warrant. But it appears the United States' current request seeks more than an order to have the service provider simply stand aside while law enforcement conducts its search. Here, it appears the United States seeks an order requiring the company to contact the target of an investigation through sending signals to the target at whatever times and intervals law enforcement directs. For its part, § 2703(c)(1)(A) indisputably allows the United States to use a search warrant to obtain a record or other information, from a provider of electronic communication service or remote computing service. Neither the plain text of Rule 41 nor § 2703(c)(1)(A), however, appear to allow the Court to order a company to create records it would not otherwise create so that law enforcement may then seize the records. Further, to the extent the United States seeks prospective information, a question exists as to whether procedures related to tracking devices apply. *In the Matter of a Search of a Cellular Telephone*, 430 F.Supp.3d 1264, 1271-72 (D. Utah 2019).

The Court just recently raised this issue with the United States. *See USA v. Warrant*, Case No. 24-mr-01391 SCY. After rejecting a search warrant for containing the "initiating a signal" directive, the United States resubmitted the search warrant without removing the problematic language. *Id.*, Doc. 1. The Court thus held a hearing on August 1, 2024, during which the United States argued the no case or controversy exists because it had replaced the original search warrant application with one that does not include the language about which the Court expressed concern. *Id.*, Doc. 3. Following the hearing, the Court issued an order questioning whether this issue is actually moot given "[t]he United States' long history of routinely submitting search warrant applications that include the language at issue," but ultimately accepted "the United States' explanation that its requests for an initiate-a-signal command were submitted in error and that the United States does not intend to submit such requests under similar circumstances in the

future in the District of New Mexico." *Id.* The present search warrant application came the morning of August 5, four days (and two business days) after the hearing in which the United States represented it does not intend to submit warrants with the "initiate a signal" language in the future.

Accordingly, the Court sets this matter for a hearing on **Tuesday, August 13, 2024 at 2:30 p.m.** in the Rio Grande courtroom. At the hearing, the Court will consider whether (1) the "ping" warrant functions as a tracking device such that procedures related to obtaining a warrant for a tracking device, to include Rule 41(e)(2)(C), apply; (2) whether Rule 41 or the Stored Communication Act allow the Court to order a provider to produce prospective information as opposed to historical information; (3) whether the prospective information the United States seeks falls within the statutory definition of a "pen register" and/or "trap and trace device" as defined in 18 U.S.C. § 3127(3) & (4); (4) whether 18 U.S.C. § 3127(3) & (4) allows the United States to obtain the prospective location information requested; and, (5) if the United States intends to withdraw this warrant and submit a revised warrant, whether the above issues are moot. The United States shall file a brief addressing these issues in advance of the hearing, to be submitted by **noon on Friday, August 9, 2024**. The Federal Public Defender's Office is invited, but not required, to attend the hearing and to submit a brief by the same deadline.

Lastly, the search warrant application contains three errors the United State should address should it choose to resubmit the application. First, the United States submitted the application electronically but the signature lines on the application and affidavit contain "sworn before me" language that indicates the United States would like to present the affidavit in person. If the United States wants to submit the application electronically, it should use the correct form

and language for such a submission. Second, the affidavit contains dates of birth when it should only contain years of birth. Third, paragraph 2 provides:

> Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), an application and certification from an Assistant U.S. Attorney is attached to this affidavit as Exhibit 1. That document contains a certification by the U.S. Attorney that the information sought pursuant to 18 U.S.C. § 3122-3124 is relevant to an ongoing criminal investigation. 18 U.S.C. §§ 3121-3127.

The United States has submitted a separate request for a pen register/trap and trace order but has not included such an order as an exhibit to its search warrant application. Accordingly, the above quoted language should be modified.

The Court finds probable cause exists to believe that the location information the United States seeks constitutes evidence of a crime. Therefore, the details of the United States' investigation are not relevant to the issues that will be heard. As such, the Court does not file the present Order under seal and intends to hold a public hearing on these issues without the need to reveal specific information about the investigation to which this search warrant application relates.

**IT IS SO ORDERED.**

_____
Steven C. Yarbrough
United States Magistrate Judge